Willis D. Wood v. Commissioner. Anna Matheson Wood v. Commissioner.
Wood v. Commissioner
Docket Nos. 27072, 27073.
United States Tax Court
1951 Tax Ct. Memo LEXIS 54; 10 T.C.M. (CCH) 1004; T.C.M. (RIA) 51307; October 26, 1951
*54 Henry Ravenel, Esq., for the petitioners. Robert M. Willan, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined deficiencies in income tax of $3,674.81 and $10,660.08 against Willis D. Wood for the years 1946 and 1947, and a deficiency in income tax of $3,629.90 against Anna Matheson Wood for the year 1947. The only question for determination is whether the petitioners in 1947 received a payment of interest on Denver & Rio Grande Western Railroad bonds, recognizable and taxable to them for that year. Any and all other questions raised by the pleadings have been settled or conceded. [The Facts] The facts have been stipulated, and are found as stipulated. Each of the petitioners is a citizen of the United States and a resident of the State of New York. They filed their income tax returns for the years 1946 and 1947 with the collector for the second district of New York. In 1947, each of the petitioners was the owner of bonds, with due and unpaid interest coupons attached, of the Denver & Rio Grande Railroad Company and the Rio Grande Western Railway Company, which were the obligations by assumption of the Denver & *55 Rio Grande Western Railroad Company. The interest coupons were in normal form, constituting promises to pay a designated sum of interest on a designated date, in accordance with the terms of the bonds. The Denver & Rio Grande Western Railroad Company was in reorganization from November 1, 1935, until 1946, when the Interstate Commerce Commission issued its order of consummation of a plan of reorganization, authorizing the issuance of new securities consisting of bonds, preferred stock and common stock. The plan and order specifically provided that the new securities should be issued in exchange for the outstanding securities and all unpaid interest thereon as of the effective date of the plan. In 1947, each of the petitioners, pursuant to the plan of reorganization, exchange the securities above described, including the interest coupons attached, for first mortgage bonds, income bonds, preferred stock and common stock of the Denver & Rio Grande Western Railroad Company. The petitioners reported no income as a result of the exchange, on the theory that the exchange was an exchange of securities within the meaning of section 112 (b) (3) of the Internal Revenue Code *56 , and, accordingly, any gain realized thereby was not to be recognized. The respondent, in his determination of the deficiencies, made an allocation with respect to the securities received in exchange as between principal and interest of the old bonds and treated the portion allocated to interest as recognizable income, his theory being that the securities or the part thereof received as covering the matured interest coupons on the old bonds, were not securities within the meaning of section 112 (b) (3), and that the interest so received was recognizable and includible in the income of the petitioners for 1947. The question is as to the soundness of the respondent's determination. [Opinion] At the trial, counsel were in agreement that these cases were not distinguishable from William W. Carman, 13 T.C. 1029. Since submission of the instant cases, the decision of this Court in the Carman case has been affirmed by the United States Court of Appeals for the Second Circuit, 189 Fed. (2d) 363. The issue here presented is accordingly decided for the petitioners on authority of that case. Decisions will be entered under Rule 50.